UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYLVESTER JAMES MAHONE,

    Plaintiff,

    v.

DOUG WADDINGTON, et al.,

    Defendants.

Case No. C04-5463RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of Magistrate Judge J. Kelley Arnold. Dkt. 103. The Court has considered the Report and Recommendation, both parties' objections to the Report and Recommendation, both parties' Responses to Objections to the Report and Recommendation, and the remaining record.

I.    **FACTS**

On July 13, 2005, Judge Arnold issued a Report and Recommendation in this matter. Dkt. 103. The Report and Recommendation addresses three issues: 1) whether Plaintiff's claims regarding the handling of his legal mail should be summarily dismissed, 2) whether Plaintiff's claims regrading medical treatment (Plaintiff's medical emergency and other medical care) should be summarily dismissed, and 3) whether Plaintiff's claims regarding the conditions of his confinement

ORDER - 1

should be summarily dismissed. *Id.* The facts supporting each of these issues are recounted at length in the Report and Recommendation and need not be repeated here. Judge Arnold recommends that Plaintiff's legal mail claims be summarily dismissed with prejudice because Plaintiff failed to exhaust his administrative remedies in regard to two incidents, and failed to meet his evidentiary burden in regard to the remaining three incidents. *Id.* at 9-12. Judge Arnold recommends that Defendants' summary judgment motion regarding Plaintiff's medical emergency claims (based on a pepper spray incident) be denied. *Id.* at 13. Judge Arnold recommends that Plaintiff's remaining claims regarding the adequacy of medical treatment be dismissed with prejudice. *Id.* at 14. Lastly, Judge Arnold recommends Plaintiff's claims regarding his conditions of confinement (concerning the lighting in his cell) be dismissed with prejudice. *Id.*

Plaintiff, with the exception of the recommendation on the medical emergency claims, objects to all of Judge Arnold's recommendations. Dkt. 105. Defendants object to Judge Arnold's recommendation regarding the medical emergency claims. Dkt. 104.

## II.     DISCUSSION

### A.     LEGAL MAIL

Judge Arnold's recommendation on Plaintiff's claim regarding legal mail should be adopted. Plaintiff fails to provide evidence that he administratively exhausted two of his legal mail claims, even when considering the additional evidence submitted in his objections. Plaintiff's argument that the Prison Litigation Reform Act's requirement of administrative exhaustion of claims is unconstitutional is unsupported by authority, particularly in light of the Supreme Court's holding in *Booth v. Churner*, 531 U.S. 956 (2001). Moreover, even if Plaintiff had provided evidence that he had administratively exhausted those two claims, Plaintiff failed to provide any evidence that the opening of his legal mail, in any of the five incidents, was anything other than negligence on the part of Defendants. Negligence is insufficient to involve protections of the Fourteenth Amendment. *Daniels v. Williams,* 474 U.S. 327 (1986).

ORDER - 2

### B. CONDITIONS OF CONFINEMENT

The recommendations regarding Plaintiff's conditions of confinement claims should be adopted. The record, including the attachments to Plaintiff's objections and responses to objections, fails to provide any evidence connecting Plaintiff's alleged injuries with the lighting in his cell. Judge Arnold's observation that there are no issues of fact which could lead a rational trier of fact to find for Plaintiff on his conditions of confinement claim is accurate.

### C. EMERGENCY MEDICAL CARE AFTER PEPPER SPRAY INCIDENT

Judge Arnold's recommendation on Plaintiff's claim regarding emergency medical care after the pepper spray incident should be adopted. "A public official's deliberate indifference to a prisoner's serious illness or injury violates the Eighth Amendment ban against cruel punishment." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002)(internal citations and quotations omitted). Plaintiff must demonstrate that he was "confined under conditions posing a risk of objectively, sufficiently serious harm and that the officials had a sufficiently culpable state of mind in denying the proper medical care." *Id.*

Defendants conceded that there are at least material issues of fact regarding the objective portion of the above test. Dkt. 104, at 3. If proven, Plaintiff's allegation that he was vomiting blood as a result of the pepper spray, is adequate to permit a fact finder to find a risk of an objectively serious harm.

Defendants argue, in their objections, that there are no issues of fact as to the subjective portion of the test, and that are entitled to a judgment as a matter of law. Dkt. 104. The subjective component requires Plaintiff to show that the Defendants had the "culpable mental state, which is deliberate indifference to a substantial risk of serious harm." *Clement* at 904 (internal citation omitted). "Deliberate indifference is evidenced only when the official knows of and disregards an excessive risk to inmate health or safety; the official must both aware of the facts from which the inference should be drawn that a substantial risk of serious harm exists, and he must also draw the

ORDER - 3

inference." *Id*. The *Clement* court found that prisoners, who suffered the effects of pepper spray used on another prisoner in a nearby cell, raised issues of fact as to their claim that the defendants were deliberately indifferent to their medical needs. *Id*. at 905. There the record indicated that prisoners were requesting medical attention as a result of inhaling the pepper spray, the guards were stepping outside for fresh air, and an air fan was placed in the doorway. *Id*. As a result, the court found that the prisoners may be able to show that the defendants were "subjectively aware of the risk of serious injury when they denied showers and medical attention for the inmates for the four hour period." *Id*.

The record in this matter, like the record in *Clement*, indicates that there are issues of fact regarding whether Defendant Thaut was subjectively aware of a serious risk of injury when he denied Plaintiff medical care after the pepper spray incident. Defendant Thaut's statement that "[a]t no time on January 1, 2004 did I believe that Mr. Mahone was in a state of medical emergency. I did not think he had a serious medical condition that required immediate medical attention . . . ." (Dkt. 56, Ex. 4.) is not adequate to prevail on summary judgment. Defendant Thaut's action at the time, reporting Plaintiff's complaints to the IMU booth officers, under-cuts his statement. As related in the Report and Recommendation, there are multiple issues of fact surrounding this incident. Considering the *Clement* court's opinion, summary judgment should not be granted on this claim.

**D.    MEDICAL CARE**

The recommendations regarding the other medical care claims should be adopted. Judge Arnold's observation that Plaintiff has failed to show any injury as a result of Defendants' failure to treat his various medical aliments and has provided no evidence of indifference to his condition remains true despite the lengthy attachments to his subsequent filings.

ORDER - 4

### III. ORDER

Therefore, it is hereby **ORDERED** that

(1) The Court **ADOPTS** the Report and Recommendation (Dkt. 103);

(2) Defendants' Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART** as outlined in the Report and Recommendation. All defendants except Defendant Thaut are dismissed from this action with prejudice.

(3) The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record, the Plaintiff at his last known address, and to the Hon. J. Kelley Arnold.

DATED this 25th day of August 2005.

Robert J. Bryan
United States District Judge

ORDER - 5