1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7
8
9
10
11
12
13

| | |
|---|---|
| SYLVESTER JAMES MAHONE,<br><br>Plaintiff,<br><br>v.<br><br>DOUG WADDINGTON, *et al*.,<br><br>Defendants. | Case No.  C04-5463RJB<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. 114. The Court has considered the relevant records, and the remainder of the file herein.

I.    **FACTS AND PROCEDURAL HISTORY**

On July 13, 2005,  United States Magistrate Judge J. Kelley Arnold issued a Report and Recommendation addressing 1) whether Plaintiff's claims regarding the handling of his legal mail should be summarily dismissed, 2) whether Plaintiff's claims regarding medical treatment (a specific medical emergency as a result of a pepper spray incident and other medical care) should be summarily dismissed, and 3) whether Plaintiff's claims regarding the conditions of his confinement should be summarily dismissed. Dkt. 103. The specific facts in this case are recounted at length in the Report and Recommendation and shall not be repeated here.

On August 25, 2005, all Plaintiff's claims in this matter, except claims dealing with a pepper spray incident, were dismissed when the Report and Recommendation was adopted. Dkt. 112. All Defendants were dismissed except Defendant Thaut, who was involved in the pepper spray incident. *Id.*

ORDER
Page - 1

Plaintiff now moves the Court to reconsider the following portions of it's August 25, 2005 order adopting Judge J. Kelley Arnold's Report and Recommendation (Dkt. 112): 1) dismissal of Plaintiff's conditions of confinement claims, 2) dismissal of Plaintiff's medical care claims, and 3) dismissal of all defendants except Defendant Thaut in regard to a pepper spray incident. Dkt. 114.

## II. DISCUSSION

### A. STANDARD ON MOTION FOR RECONSIDERATION

Federal Local Rule CR 7(h) provides in relevant part as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

### B. CONDITIONS OF CONFINEMENT AND MEDICAL CARE

Plaintiff has failed to show a manifest error in the prior ruling or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence under Federal Local Rule 7(h) for either his conditions of confinement claim or medical care claims which were dismissed. Plaintiff's Motion for Reconsideration regarding his conditions of confinement and medical care claims should be denied.

### C. SUPERVISOR LIABILITY

All Defendants, except Defendant Thaut, were dismissed from this case. Dkt. 112. Plaintiff argues in his Motion for Reconsideration that the Court failed to address his claim against "Defendants Waddington, Frakes, May, Obenland and Russell for their breach in duty to Mahone for failing to adequately train and supervise Defendant Thaut in not denying prisoners medial complaints and medical emergencies." Dkt. 114, at 4. As a result, Plaintiff argues that these Defendants should not have been dismissed. *Id*.

Although this Court did not directly address this issue, Defendants, in their Motion for Summary Judgment, (which was the basis for the Report and Recommendation) pointed out that Defendants in a 42 U.S.C. § 1983 action cannot be held liable based on a theory of respondeat superior or vicarious liability citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986). Dkt. 56, at 16.

> A supervisor may be liable if there exists *either* (1) his or her personal involvement in the constitutional deprivation, *or* (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.

*Redman v. County of San Diego*, 942 F.2d 1435, 1446-7 (9th Cir. 1991)(citations omitted). Plaintiff failed to show, in any of his pleadings or later in this Motion for Reconsideration, any basis for liability for any of these Defendants. Moreover, Plaintiff has failed to show a manifest error in the prior ruling or new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence under Federal Local Rule 7(h). Plaintiff's motion for reconsideration on the dismissal of these Defendants should be denied.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

Plaintiff's Motion for Reconsideration (Dkt. 114) is **DENIED**. The Clerk is directed to send copies of this Order to plaintiff, counsel defendants who have appeared, and to the Hon. J. Kelley Arnold.

DATED this 13th day of September, 2005.

*[signature: Robert J. Bryan]*

Robert J. Bryan
United States District Judge