UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYLVESTER JAMES MAHONE,

    Plaintiff,

v.

DOUG THAUT,

    Defendant.

Case No.  C04-5463RJB

ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Discovery (Dkt. 127-1) and Motion for Court Appointed Expert Witness (Dkt. 129-1).  The Court has considered the pleadings filed in favor and in opposition to these motions, and the file herein.

## I.  FACTS AND PROCEDURAL HISTORY

On July 13, 2005,  United States Magistrate Judge J. Kelley Arnold issued a Report and Recommendation addressing 1) whether Plaintiff's claims regarding the handling of his legal mail should be summarily dismissed, 2) whether Plaintiff's claims regarding medical treatment (a specific medical emergency as a result of a pepper spray incident and other medical care) should be summarily dismissed, and 3) whether Plaintiff's claims regarding the conditions of his confinement should be summarily dismissed.  Dkt. 103.  The specific facts in this case are recounted at length in the Report and Recommendation and shall not be repeated here, except as is relevant to the pending motions.

On August 25, 2005, all Plaintiff's claims in this matter, except claims dealing with a pepper spray incident, were dismissed when the Report and Recommendation was adopted.  Dkt. 112.  All

ORDER
Page - 1

Defendants were dismissed except Defendant Thaut, who was involved in the pepper spray incident. *Id.*

This pepper spray incident was captured, in part, on a video tape. The tape contains another inmate's attempted suicide. In an attempt to gain control of the inmate, prison guards used pepper spray on the inmate attempting suicide. Plaintiff was housed in a cell nearby. Dkt. 103-1, at 4. Plaintiff argues he declared a medical emergency off camera, and his declaration is on the video tape. Dkt. 127-1 at 2. Plaintiff propounded three sets of interrogatories, in late 2004 and 2005, requesting, in part, relevant recordings of the incident. Dkt. 127-2, Dkt. 126-2. Defendants provided what they considered relevant portions of the tape. Dkt. 126-2. Defendants sent a letter to Plaintiff on February 11, 2005 and spoke to Plaintiff in person in November 2005 about not providing the entire tape for what Defendants argue were security reasons. *Id.* at 3. However, the remaining Defendant produced the entire tape on December 20, 2005. Dkt. 134.

On December 22, 2005, Plaintiff moved the Court for an order compelling the Defendant to produce the entire tape of the suicide incident, not just the portion of the tape Defendant contended was relevant to Plaintiff's claims. Dkt. 127-1. Plaintiff seeks sanctions and reasonable attorneys fees. *Id.*, at 6.

Plaintiff also moves the Court for appointment of an expert who he wants to examine the tapes produced by Defendant for tampering and editing. Dkt. 129-1. Plaintiff contends that both tapes have been "'edited' where Mahone yelled out he was declaring a medical emergency to Defendant Thaut." Dkt. 129-1, at 3. Plaintiff provided both video tapes for review.

II. **DISCUSSION**

   A. **MOTION TO COMPEL**

Plaintiff's Motion to Compel Discovery (Dkt. 127-1) should be denied as moot. Defendant has produced the entire tape for Plaintiff before the motion was filed. Plaintiff is not an attorney, and fails to point to any authority which holds that non-attorneys are entitled to attorney's fees. Moreover, sanctions under Fed. R. Civ. P. 37(a)(4)(A) should not be awarded where the sought after discovery was provided. Plaintiff's Motion to Compel should be denied as moot.

ORDER
Page - 2

ORDER
Page - 2

### B. MOTION FOR COURT APPOINTED EXPERT

A district court has authority to appoint a neutral expert upon its own motion or on motion of a party under Fed. R. of Evid. 706. *Students of Cal. School for the Blind v. Honing*, 736 F.2d 538, 549 (9th Cir. 1984) *vacated on other grounds,* 471 U.S. 148 (1985). The district court's decision under Rule 706 is reviewed for abuse of discretion. *Vizcaino v. Microsoft Co.*, 290 F.3d 1043, 1051, n.7 (9th Cir. 2003).

Upon review of the video tapes, there is no indication that either of the tapes have been tampered with or edited. Plaintiff has failed to show any basis upon which an expert should be appointed. Plaintiff's motion for appointment of an expert should be denied.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

Plaintiff's Motion to Compel Discovery (Dkt. 127-1) is **DENIED AS MOOT** and Motion for Court Appointed Expert Witness (Dkt. 129-1) is **DENIED.** The Clerk is directed to send copies of this Order to Plaintiff, counsel for Defendant, and to the Hon. J. Kelley Arnold.

DATED this 27th day of February, 2006.

/s/ Robert J. Bryan
Robert J. Bryan
United States District Judge

ORDER
Page - 3